**FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/3/2019 9:29 AM
JAMIE SMITH
DISTRICT CLERK
E-204652**

CAUSE NO. _____

| | | |
|---|---|---|
| TIMOTHY REYNOLDS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| BRIDGEPOINT INSURANCE | § | |
| SOLUTIONS, LLC | § | _____ JUDICIAL DISTRICT |

## <u>PLAINTIFF TIMOTHY REYNOLDS' ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TIMOTHY REYNOLDS, hereinafter styled "Plaintiff", complaining of BRIDGEPOINT INSURANCE SOLUTIONS, LLC, Defendant and shows the Court:

### I.
### <u>DISCOVERY CONTROL PLAN</u>

1. Plaintiff intends to conduct Level 3 discovery under the Texas Rules of Civil Procedure 190. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit. Plaintiff affirmatively pleads that discovery will be conducted in accordance with the Scheduling Order signed by the Court.

2. This is a claim arising from Defendant's violations of common-law and statutory duties to procure insurance policies requested by the Plaintiff. Defendant Bridgepoint Insurance Solutions, LLC negligently breached those duties and that negligence proximately caused Plaintiff Timothy Reynolds' injuries and damages. Specifically, Plaintiff brings causes of action against the Defendant for negligence, negligent

misrepresentation, violation of the Texas Deceptive Trade Practices Act, violation of the Texas Insurance Code and Breach of Contract.

3.      The damages sought in this case are within the jurisdictional limits of this court.

4.      Plaintiff recognizes that only the jury or judge who decide the case determine the appropriate damages in this or any other case. Plaintiff has retained lawyers for representation in this case. Plaintiff's legal counsel allege that Plaintiff seeks monetary relief over two hundred thousand dollars ($200,000.00) but not more than one million dollars ($1,000,000.00), including damages of any kind, penalties, costs, expenses, pre-judgment interest, post-judgment interest and attorney fees.

5.      More specifically, plaintiff seeks recovery for actual damages incurred by plaintiff, which includes the difference between any insurance recovery received and the recovery he would have received if adequately insured, the mental anguish caused by his uninsured situation, the loss of use of his property because of the inability to adequately and timely repair due to the lack of insurance, lost time, attorney's fees, and costs of court. Further, Defendant acted knowingly and/or intentionally, which entitles plaintiff to recover additional damages under the DTPA and Texas Insurance Code so that plaintiff seeks to have his total actual damages trebled. Plaintiff also seeks pre-judgment and post-judgment interest; court costs and attorney fees.

## II.
## VENUE AND JURISDICTION

6.      Suit is proper in Jefferson County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property is situated in Beaumont, Jefferson County, Texas. Tex. Civ. Prac. & Rem. Code §15.032. In addition, the Court has jurisdiction over Defendant, which is a corporation engaged in

the business of selling insurance within the State of Texas and Jefferson County, and this cause of action arises out of Defendant's business activities in Jefferson County, Texas.

7.     This action arises under the laws of the State of Texas, both statutory and common. This Court has jurisdiction of this case pursuant to the laws of the State of Texas, and the matter in controversy is within the jurisdictional limits of this Court.

## III.
## PARTIES

8.     Plaintiff is a resident of Beaumont, Jefferson County, Texas.

9.     Defendant, Bridgepoint Insurance Solutions, LLC, is an insurance agency licensed to do business in the State of Texas for the purpose of soliciting insurance policies on behalf of an insurance company; transmitting an application or policy to or from an insurance company; receiving or delivering a policy on behalf of an insurance company; examining or inspecting any risk; receiving, collecting or transmitting an insurance premium and/or adjusting a loss on behalf of an insurance company.  Service of process may be effectuated on this defendant by serving its registered agent, Douglas Kaplan, 760 North Watters Road, Suite 170, Allen, Texas 75013.  **Service is requested.**

## IV.
## STATUTORY AUTHORITY

10.    This suit is brought, in part, under the authority of the Texas Business & Commerce Code § 17.41, et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act and cited in this Petition as the "DTPA", and under the authority of Texas Insurance Code § 541.061, cited in this petition as the Texas Insurance Code.

## V.
## ALLEGATIONS AND INJURIES

11.     This lawsuit arises out of defendant's failure to procure insurance policies that provided flood coverage for plaintiff's home and property located at 13645 Thousand Oaks Drive in Beaumont, Texas.

12.     Plaintiff requested coverage from defendant to cover the property in question for any loss directly or indirectly caused by, resulting from or contributed to by flooding damages.

13.     On or about September 19, 2019, Tropical Storm Imelda struck the Southeast Texas area causing extensive and widespread damage to Jefferson County, Texas, including but not limited to plaintiff's property/home.

14.     In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made; including a representation from defendant that sufficient flood coverage had been placed on plaintiff's home and property by defendant. However, following Tropical Storm Imelda, plaintiff made a claim for damages to the property in question under his insurance policies but defendant failed to obtain or secure sufficient flood coverage on plaintiff's home and property. It was not until after plaintiff made a claim for damages that plaintiff learned there was no flood coverage on both his primary dwelling and secondary structures and the contents of all structures.

15.     As a result of defendant's action and inactions, plaintiff was not covered for the flood damage to his property and did not have the financial means to rebuild/repair the property. The failure of defendant to procure sufficient insurance coverage has compounded plaintiff's damages exponentially.

16.    The conduct described above has been and is a producing and proximate cause of damages to the plaintiff and property in question.

17.    Plaintiff further states that, as a result of such negligence and misrepresentation of the defendant, plaintiff seeks damages in a sum to be determined at the time of trial, plus all costs of court, both pre and post judgment interest and attorney's fees reasonable in relation to the amount of work expended on plaintiff's behalf.

## VI.
## NEGLIGENCE

18.    On the occasion in question, defendant was guilty of certain acts, wrongs and/or commissions, individually and collectively constituting negligence, which was a proximate cause of damages to plaintiff.  Defendant owed a legal duty to plaintiff. Defendant breached its duty to plaintiff.  Defendant's breaches of duty included:

    a.    failing to secure/obtain flood coverage for plaintiff's property even though it was requested to do the same;

    b.    failing to notify plaintiff that it did not place/obtain flood coverage for his home;

    c.    allowing plaintiff to be told that he had flood coverage when actually he did not;

    d.    failing to act as reasonably prudent agent should act in the same or similar circumstances; and

    e.    failing to comply with the requirements of the Texas Insurance Code.

Defendant's breach of duties to plaintiff caused injury to him, which resulted in damages identified in this petition.

## VII.
## NEGLIGENT MISREPRESENTATION

19.     Defendant represented to plaintiff in the course of defendant's business that plaintiff had flood insurance coverage, the information supplied by defendant for the guidance of plaintiff in the transaction was false because the flood coverage was not obtained, defendant failed to exercise reasonable care or competence in obtaining or communicating such information, plaintiff justifiably relied upon the representation, and plaintiff suffered injuries and damages which were proximately caused by defendant's misrepresentation.

20.     Plaintiff therefore asserts a cause of action for negligent misrepresentation.

## VIII.
## DTPA LIABILITY

21.     Plaintiff is a consumer under § 17.45(4) of the DTPA and defendant can be sued under § 17.49 of the DTPA. Defendant has individually and/or collectively committed one or more of the following wrongful acts:

a.      a false, misleading, or deceptive act or practice that is specifically enumerated in the itemized violation in § 17.46(b) of the DTPA and that was relied upon by plaintiff (specifically misrepresenting the characteristics, uses, benefits, standards, or quality of defendant's products or services) in violation of Section 17.46(b) (1), (2), (5), (7), (22) and (24);

b.      a breach of an express or implied warranty;

c.      an unconscionable action or course of action; and

d.      the use or employment of an act or practice in violation of Chapter 541 of the Texas Insurance Code.

These wrongful acts were a producing cause of damages to plaintiff.

22.     Plaintiff therefore sues defendant under the DTPA.

## IX.
## TEXAS INSURANCE CODE

23.     Plaintiff and defendant are "persons" under § 541.002(2) of the Texas Insurance Code, defendant has engaged in an act or practice that violates either Chapter 541, subchapter B, of the Texas Insurance Code, or § 17.46(b) of the DTPA or both and plaintiff has relied upon the act or practice to his detriment, and defendant's act or practice was a producing cause of actual damages.

24.     Plaintiff therefore asserts a course of action against defendant for deceptive insurance practices under Chapter 541 of the Texas Insurance Code and § 17.46(b) of the DTPA, specifically alleging a violation of § 541.061 of the Texas Insurance Code by one or more of the following types of representations:

   a.     making an untrue statement of fact;

   b.     leaving out a material fact, so that other statements are rendered misleading; or

   c.     making a statement in a way that would lead a reasonably prudent person to make a false conclusion.

## IX.
## BREACH OF CONTRACT

25.     Plaintiff entered into a contract with Defendant to procure flood coverage. Defendant breached the above-described contract by failing to provide the subject services. As a result of Defendant's breach of contract, Plaintiff sustained financial harm

and lost the benefits expected to be received from the contract if Defendant had performed as promised.

## X.
## ACTUAL DAMAGES

26.     The conduct described in the preceding paragraphs was a producing and proximate cause of damage to plaintiff. The amount of plaintiff's damages exceeds the minimum jurisdictional limits of the Court.

27.     The actual damages incurred by plaintiff includes the difference between his flood insurance recovery received and the recovery he would have received if adequately insured, the mental anguish caused by his underinsured situation, the loss of use of his property because of the inability to adequately and timely repair due to the underinsurance, lost time, attorney's fees, and costs of court

28.     Defendant acted knowingly and/or intentionally, which entitles plaintiff to recover additional damages under the DTPA and Texas Insurance Code so that plaintiff seeks to have his total actual damages trebled.

## XI.
## ATTORNEY'S FEES

29.     Plaintiff seeks all reasonable and necessary attorney's fees in this case, which include the following:

    a.     preparation and trial of this lawsuit;

    b.     post-trial, pre-appeal legal services;

    c.     an appeal to the Court of Appeals;

    d.     making or responding to an application for writ of error to the Supreme Court of Texas;

      e.     an appeal to the Supreme Court of Texas in the event application for writ

           of error is granted; and/or

      f.     post-judgment discovery and collection in the event execution and

           judgment is necessary.

30.     Plaintiff has put defendant on notice of the attorney's fees pursuant to Chapter 38

of the Civil Practice and Remedies Code.

## XII.
## CONDITIONS PRECEDENT

31.     All conditions precedent to recovery have been performed or met regarding this

claim.  Due to the daily increase of damages to Plaintiff's property/home and Plaintiff's

lack of financial means to rebuild/repair the property in question, it is detrimental and

unnecessary for Plaintiff to wait sixty (60) days for Defendant to respond to his Notice of

Claim.

## XIII.
## ALTERNATIVE PLEADINGS

32.     All pleadings are in the alternative.

## XIV.
## INCORPORATION OF ALLEGATIONS

33.     All allegations made herein are incorporated into every other titled allegation.

## XV.
## INTEREST

34.     Plaintiff also asserts a claim for both post and prejudgment interest accruing from

the earlier time of one hundred eighty (180) days after the incident date or on the date suit

was filed.

## XVI.
## PRAYER

35.     WHEREFORE. PREMISES CONSIDERED, plaintiff prays that defendant be cited to appear and answer herein as the law directs, and that upon final hearing, plaintiff have and recover judgment of and from defendant, jointly and severally,

  a.     Actual Damages;

  b.     Additional Damages.

  c.     Pre-judgment and post-judgment interest.

  d.     Court Costs.

  e.     Attorney fees.

  f.      All other relief, at law and in equity, to which plaintiff may be justly entitled.

Respectfully submitted,
RENICK LAW FIRM, P.L.L.C.

Scott Renick
State Bar No. 24004885
2905 Toccoa Street
Beaumont, TX 77703
Tel:  409.895.0145
Fax:  409.895.0014
scott@renickfirm.com

ATTORNEY FOR PLAINTIFF,
TIMOTHY REYNOLDS

# RENICK LAW FIRM, PLLC

**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**10/3/2019 9:29 AM**
**JAMIE SMITH**
**DISTRICT CLERK** 895.0145
**E-204652** Fax: (409) 895.0014
scott@renickfirm.com

Scott Renick
2905 Toccoa St.
Beaumont, Texas 77703



September 30, 2019

Mr. Jaime Smith
Jefferson County District Clerk
1001 Pearl Street, Texas 77701
*Via E-File*

      RE:    Cause No. _____;
               *Timothy Reynolds v. Bridgepoint Insurance Solutions, LLC*
               In the County Court at Law No. 1 of Jefferson County, Texas

Mr. Smith:

Enclosed for filing is **Plaintiff's Original Petition**. Please have citation prepared and returned to my office for service via private process server for the following defendant:

    1)      Douglas Kaplan, Registered Agent
            Bridgepoint Insurance Solutions, LLC
            760 North Watters Road, Suite 170
            Allen, Texas 75013

The appropriate fees for filing have been provided. If you have any questions regarding this matter, please contact my assistant, Ms. Karen Jean, at 409.895.0145. As always, your assistance is appreciated.

                         Very Truly Yours,
                         RENICK LAW FIRM, PLLC

                         Scott Renick

Enclosure
SOR/kj

Case 1:19-cv-00596-MAC Document 1-2 Filed 11/22/19 Page 14 of 47 PageID #: 20

E-FILING

Cause No: E-0204652      Date: 10/03/19        Receipt No:  461286
  Style:  TIMOTHY REYNOLDS
        vs BRIDGEPOINT INSURANCE SOLUTIONS LLC

  Paid By: RENICK, SCOTT OREN                              P
  Amt Paid:        285.00 EFILE037291974-2   Bal Due:

    10.00      RECORDS MANAGEMENT      10.00      COURT RECORD PRESERVATIO
    10.00      RECORDS ARCHIVE FEE      5.00      SECURITY OF COURTS AND J
    50.00      COUNTY FILING FEE       10.00      COPIES
    50.00      STATE FILING FEE
    10.00      LIBRARY FEE
    15.00      MEDIATION CENTER FEE
    15.00      STENO
     5.00      SECURITY FEE
    10.00      INDIGENT FEE
    42.00      JUDICIAL SUPPORT
     5.00      APPELLATE JUDICIAL SYSTE
    30.00      ELECTRONIC FILING FEE

              JAMIE SMITH, CLERK DISTRICT COURTS
                   Jefferson County, Texas

                        By: _____
_____         ODBC          Deputy

Case 1:19-cv-00596-MAC Document 1-2   Filed 11/22/19   Page 16 of 47 PageID #: 22

Cause No: E-0204652        Date: 10/28/19        Receipt No:  463683
   Style:  TIMOTHY REYNOLDS
        vs BRIDGEPOINT INSURANCE SOLUTIONS LLC

 Paid By: RENICK, SCOTT OREN                                        P
 Amt Paid:                          Bal Due:




                 JAMIE SMITH, CLERK DISTRICT COURTS
                     Jefferson County, Texas

                        By: _____

_____        ODBC              Deputy

**\*C0204652---00003\***

C0204652---00003

# THE STATE OF TEXAS

## No. E-0204652

### TIMOTHY REYNOLDS
### VS. BRIDGEPOINT INSURANCE SOLUTIONS LLC

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:  **BRIDGEPOINT INSURANCE SOLUTIONS LLC**
**BY SERVING ITS REGISTERED AGENT**
**DOUGLAS KAPLAN**

by serving at:
**760 NORTH WATTERS ROAD**
**SUITE 170**
**ALLEN, TX   75013**

**DEFENDANT:**

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 3rd day of October, 2019.   It bears cause number E-0204652 and is styled:

Plaintiff:

**TIMOTHY REYNOLDS**

VS.

**BRIDGEPOINT INSURANCE SOLUTIONS LLC**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

**RENICK, SCOTT OREN, Atty.**
**2905 TOCCOA STREET**
**BEAUMONT, TX   77703 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)   accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 4th day of October, 2019.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _Valencia Simpson_ Deputy

Valencia

## RETURN OF SERVICE

E-0204652   172nd JUDICIAL DISTRICT COURT

TIMOTHY REYNOLDS

BRIDGEPOINT INSURANCE SOLUTIONS LLC

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

        _____, Officer

        _____, County, Texas

        By: _____, Deputy

**ADDRESS FOR SERVICE**:
BRIDGEPOINT INSURANCE SOLUTIONS LLC
BY SERVING ITS REGISTERED AGENT
760 NORTH WATTERS ROAD
SUITE 170
ALLEN, TX 75013 0000

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**
Serving Petition and Copy $_____
Total       $_____

        _____, Officer

        _____, County, Texas

        By: _____, Deputy

        _____

        Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
    (First, Middle, Last)
_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

      _____

      Declarant/Authorized Process Server

      _____

      (Id # expiration of certification)

# *C0204652---00003*

C0204652---00003

CITATION

## THE STATE OF TEXAS

### No. E-0204652

## TIMOTHY REYNOLDS
## VS. BRIDGEPOINT INSURANCE SOLUTIONS LLC

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:  **BRIDGEPOINT INSURANCE SOLUTIONS LLC**
**BY SERVING ITS REGISTERED AGENT**
**DOUGLAS KAPLAN**

by serving at:
**760 NORTH WATTERS ROAD**
**SUITE 170**
**ALLEN, TX     75013**

DEFENDANT:

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 3rd day of October, 2019.  It bears cause number E-0204652 and is styled:

Plaintiff:

**TIMOTHY REYNOLDS**

VS.

**BRIDGEPOINT INSURANCE SOLUTIONS LLC**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

**RENICK, SCOTT OREN, Atty.**
**2905 TOCCOA STREET**
**BEAUMONT, TX   77703 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)   accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 4th day of October, 2019.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY *Valencia Simpson* Deputy

Valencia

# RETURN OF SERVICE

E-0204652            172nd JUDICIAL DISTRICT COURT

TIMOTHY REYNOLDS

BRIDGEPOINT INSURANCE SOLUTIONS LLC

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
BRIDGEPOINT INSURANCE SOLUTIONS LLC
BY SERVING ITS REGISTERED AGENT
 760 NORTH WATTERS ROAD
 SUITE 170
 ALLEN, TX 75013 0000

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
| --- | --- | --- |
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy  $_____
Total                              $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
          (First, Middle, Last)
_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

CITATION

FILED
DISTRICT CLERK OF
JEFFERSON CO. TEXAS
2204652 0003
10/28/2019 10:23 AM
JAMIE SMITH
DISTRICT CLERK
E-204652

# THE STATE OF TEXAS

## No. E-0204652

### TIMOTHY REYNOLDS
### VS. BRIDGEPOINT INSURANCE SOLUTIONS LLC

## CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:  **BRIDGEPOINT INSURANCE SOLUTIONS LLC**
     **BY SERVING ITS REGISTERED AGENT**
     **DOUGLAS KAPLAN**

by serving at:
**760 NORTH WATTERS ROAD**
**SUITE 170**
**ALLEN, TX    75013**

DEFENDANT:

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 3rd day of October, 2019.  It bears cause number E-0204652 and is styled:

Plaintiff:

    **TIMOTHY REYNOLDS**

VS.

    **BRIDGEPOINT INSURANCE SOLUTIONS LLC**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

    **RENICK, SCOTT OREN, Atty.**
    **2905 TOCCOA STREET**
    **BEAUMONT, TX    77703 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)  accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 4th day of October, 2019.

                JAMIE SMITH, DISTRICT CLERK
                JEFFERSON COUNTY, TEXAS

                BY  *Valencia Simpson*  Deputy

                Valencia

# AFFIDAVIT OF SERVICE

State of Texas                 County of Jefferson                 172nd Judicial District Court

Case Number: E-0204652

Plaintiff:
TIMOTHY REYNOLDS

vs.

Defendant:
BRIDGEPOINT INSURANCE SOLUTIONS LLC

For:
Scott Oren Renick
2905 Toccoa Street
Beaumont, TX 77703

Received by Zakon LLC on the 22nd day of October, 2019 at 3:07 pm to be served on **Bridgepoint Insurance Solutions, L.L.C. c/o Douglas Kaplan, registered agent, 760 North Watters Road, Suite 170, Allen, TX 75013.**

I, Michael Brady, being duly sworn, depose and say that on the **23rd day of October, 2019 at 4:40 pm, I:**

Executed service by delivering a true copy of the **Citation, Copy of Plaintiffs Original Petition** , to: **Susan Collins as Vp/Authorized Person** at the address of: **760 North Watters Road, Suite 170, Allen, TX 75013**, who is authorized to accept service for **Bridgepoint Insurance Solutions, L.L.C.**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

Subscribed and Sworn to before me on the 24th day of October, 2019 by the affiant who is personally known to me.

Michael Brady *PSC #363*
PSC 1363 Expires 3/31/2020

Zakon LLC
148 S. Dowlen
#668
Beaumont, TX 77707
(409) 790-6896

NOTARY PUBLIC

JON PEKAR
My Notary ID # 124424900
Expires January 11, 2023

Our Job Serial Number: ONT-2019004018
Ref: TIMOTHY REYNOLDS

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g



**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**11/15/2019 5:29 PM**
**JAMIE SMITH**
**DISTRICT CLERK**
**E-204652**

**CASE NO. E-204652**

| | | |
|---|---|---|
| **TIMOTHY REYNOLDS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **JEFFERSON COUNTY, TEXAS** |
| **BRIDGEPOINT INSURANCE** | § | |
| **SOLUTIONS, LLC,** | § | |
| | § | |
| **Defendant.** | § | **172ND JUDICIAL DISTRICT** |

## BRIDGEPOINT INSURANCE SOLUTIONS, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bridgepoint Insurance Solutions, LLC, Defendant in the above-styled and numbered cause, and file this, their Original Answer, and would respectfully show unto this Honorable Court as follows:

### I.

1.      Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant generally denies each and every allegation contained in Plaintiff's Petition, and demands strict proof thereof.

### II.

2.      Without waiving any defense or answer, Bridgepoint Insurance Solutions, LLC would show that Plaintiff's damages, if any, were proximately caused by the acts or omissions of third parties over whom Bridgepoint Insurance Solutions, LLC has no control and for whom Bridgepoint Insurance Solutions, LLC bears no responsibility.

3.      For further answer, if such be necessary, Defendant requests  that in accordance with Texas Civil Practices and Remedies Code §33.003 the jury determine that percentage of responsibility for causing in any way the harm for which recovery of damages is sought of each

Plaintiff, each settling person, and each Responsible Third Party. *See* Tex. Civ. Prac. & Rem. Code §330.001 *et seq.*

4.      For further answer, if such be necessary, Defendant alleges that Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pleaded. Tex. Civ. Prac. & Rem. Code §33.001 *et seq.*

5.      For further answer, if such be necessary, Defendant alleges that in accordance with Texas Civil Practices & Remedies Code Section 33.013, Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of each, individually, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

6.      Defendant assert that Plaintiff's claims are barred in whole or in part by the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Neptune Flood Insurance policy. Under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Defendant asserts that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

7.      Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

8.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial

proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## III.
## NOTICE OF INTENTION TO TAKE DEPOSITIONS

9.      Defendant puts Plaintiff on notice of its intent to take depositions of Plaintiff and Plaintiff's witnesses, and from its first appearance makes such request to Plaintiff.

## IV.
## JURY DEMAND

10.      Defendant demands a jury trial and tenders the appropriate fee with this Answer.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Bridgepoint Insurance Solutions, LLC prays that upon trial hereof, Plaintiff takes nothing as to this Defendant, and for such other and further relief to which this Defendant may show herself justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:      /s/      Jason M. Yacuk
         James N. Isbell
         State Bar No. 10431900
         jisbell@thompsoncoe.com
         Jason M. Yacuk
         State Bar No. 24028150
         jyacuk@thompsoncoe.com
         Jessica B. Gonzalez
         State Bar No. 24099354
         ssiddiqui@thompsoncoe.com
         One Riverway, Suite 1400
         Houston, Texas 77056
         Telephone: (713) 403-8210
         Telecopy: (713) 403-8299

         **ATTORNEYS FOR DEFENDANT**
         Bridgepoint Insurance Solutions, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been furnished to all counsel of record on this the 15th day of November, 2019, via e-filing:

Scott Renick
2905 Toccoa Street
Beaumont, Texas 77703

/s/      *Jason M. Yacuk*
Jason Yacuk

Case 1:19-cv-00596-MAC Document 1-2 Filed 11/22/19 Page 32 of 47 PageID #: 38

E-FILING

Cause No: E-0204652          Date: 11/19/19          Receipt No: 465809
  Style:  TIMOTHY REYNOLDS
        vs BRIDGEPOINT INSURANCE SOLUTIONS LLC

  Paid By: YACUK, JASON MICHAEL                                    P
  Amt Paid:                      38552979000  Bal Due:


JAMIE SMITH, CLERK DISTRICT COURTS
Jefferson County, Texas

By: _____
_____     ODBC            Deputy

**Jefferson County**
**District Clerk's Office**
1085 Pearl Street
Room 203
Beaumont, TX 77701
409-835-8580
Fax 409-835-8527



**Family Law Division**
409-835-8653

**Child Support**
P. O. Box 3586
Beaumont, TX 77704
409-835-8425

**JAMIE SMITH**
**District Clerk**

April 23, 2015

In 2015 the Jefferson County District Clerks office filed a Declaration of Compliance with the Texas State Library and Archives Commission.

As records management officer for the local government or elective county office named, I hereby declare, that in lieu of filing records control schedules, we have adopted records control schedules that comply with minimum requirements established on records retention schedules issued by the Texas State Library and Archives Commission for use in our records management program. In doing so, I also certify that the administrative rules for electronic records, adopted by the commission under Local Government Code 205.003(a) will be followed for records subject to the rules.

A copy of the accepted Declaration of compliance is attached.

Jamie Smith

*Original*

# Declaration of Compliance
## with the Records Scheduling Requirement of the Local Government Records Act
### Submitted pursuant to Local Government Code §203.041(a)(2)

**Texas State Library and Archives Commission**

## Section 1   SUBMISSION OF DATA

1. Government: *Jefferson County*
2. Address: *1085 Pearl Street R.x #203*
   City: *Beaumont*      ZIP code: *77701*
3. Telephone: *409-835-8518*   4. Email (optional): *jsmith@co.jefferson.tx.us*

## Section 2   LOCAL GOVERNMENT CERTIFICATION

As records management officer for the local government or elective county office named, I hereby declare, that in lieu of filing records control schedules, we have adopted records control schedules that comply with minimum requirements established on records retention schedules issued by the Texas State Library and Archives Commission (as checked below) for use in our records management program. In doing so, I also certify that the administrative rules for electronic records, adopted by the commission under Local Government Code §205.003(a) will be followed for records subject to the rules. I understand that:

- the validity of this declaration is contingent on its acceptance for filing by the commission;
- if we have previously filed documentation with the commission in which we declared our intent to retain all records permanently, we must attach amended documentation to this declaration before it can be accepted for filing;
- the records retention schedules adopted by this declaration may be amended by filing for approval a supplemental Records Control Schedule Amendment (SLR 520) on which are listed proposed retention periods for records that do not appear on schedules issued by the commission (as checked below);
- if a supplemental Records Control Schedule Amendment is not filed, we must file a Request for Authorization to Destroy Unscheduled Records (SLR 501) in order to destroy records that do not appear on schedules issued by the commission (as checked below); and
- the commission will provide us with access to subsequent editions of any schedules issued by the commission.

1. **I hereby declare that our records control schedules will comply with the following schedules issued by the commission:**

| | |
|---|---|
| ☐ Schedule CC (Records of County Clerks) | ☐ Schedule LC (Records of Justice and Municipal Courts) |
| ☒ Schedule DC (Records of District Clerks) | ☐ Schedule PS (Records of Public Safety Agencies) |
| ☐ Schedule EL (Records of Elections and Voter Registration) | ☐ Schedule PW (Records of Public Works and Services) |
| ☒ Schedule GR (Records Common to All Governments) | ☐ Schedule SD (Records of Public School Districts) |
| ☐ Schedule HR (Records of Public Health Agencies) | ☐ Schedule TX (Records of Property Taxation) |
| ☐ Schedule JC (Records of Public Junior Colleges) | ☐ Schedule UT (Records of Utility Services) |

2. *If any records control schedules or amendments have been filed with the commission, I also hereby declare that those schedules or amendments:*

◉ are superseded by this declaration.

◯ are not superseded by this declaration. I understand that, in the event of a conflict between the previously filed records control schedules or amendments and the schedules adopted by this declaration, the longer retention period shall apply.

Name and Title: *Jan Smith   Jefferson County District Clerk*

Signature: *Jamie Smith*      Date: *1/27/2015*

## Section 3   TEXAS STATE LIBRARY ACCEPTANCE (to be completed by Texas State Library)

This Declaration of Compliance has been accepted for filing pursuant to Local Government Code §203.043(a). A record appearing on a schedule issued by the commission (as checked above) may be disposed of at the expiration of its retention period without additional notice to the Director and Librarian, subject to the provisions of Local Government Code §203.041(d).

Name and Title: SARAH JACOBSON – MANAGER, RECORDS MGMT. ASSISTANCE

Signature: *[signature]*      Date: *00/23/15*

Texas State Library and Archives Commission
State and Local Records Management Division

Box 12927
Austin, Texas 78711-2927

512-463-7610
512-936-2306 FAX

SLR 508 (5/12)

SW 000 05 123

**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**10/16/2019 2:39 PM**
**JAMIE SMITH**
**DISTRICT CLERK**
**B-204712**

CAUSE NO. _____

| TIMOTHY REYNOLDS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| BRIDGEPOINT INSURANCE | § | |
| SOLUTIONS, LLC | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF TIMOTHY REYNOLDS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TIMOTHY REYNOLDS, hereinafter styled "Plaintiff", complaining of BRIDGEPOINT INSURANCE SOLUTIONS, LLC, Defendant and shows the Court:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Level 3 discovery under the Texas Rules of Civil Procedure 190. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit. Plaintiff affirmatively pleads that discovery will be conducted in accordance with the Scheduling Order signed by the Court.

2. This is a claim arising from Defendant's violations of common-law and statutory duties to procure insurance policies requested by the Plaintiff. Defendant Bridgepoint Insurance Solutions, LLC negligently breached those duties and that negligence proximately caused Plaintiff Timothy Reynolds' injuries and damages. Specifically, Plaintiff brings causes of action against the Defendant for negligence, negligent

misrepresentation, violation of the Texas Deceptive Trade Practices Act, violation of the Texas Insurance Code and Breach of Contract.

3.     The damages sought in this case are within the jurisdictional limits of this court.

4.     Plaintiff recognizes that only the jury or judge who decide the case determine the appropriate damages in this or any other case. Plaintiff has retained lawyers for representation in this case. Plaintiff's legal counsel allege that Plaintiff seeks monetary relief over two hundred thousand dollars ($200,000.00) but not more than one million dollars ($1,000,000.00), including damages of any kind, penalties, costs, expenses, pre-judgment interest, post-judgment interest and attorney fees.

5.     More specifically, plaintiff seeks recovery for actual damages incurred by plaintiff, which includes the difference between any insurance recovery received and the recovery he would have received if adequately insured, the mental anguish caused by his uninsured situation, the loss of use of his property because of the inability to adequately and timely repair due to the lack of insurance, lost time, attorney's fees, and costs of court. Further, Defendant acted knowingly and/or intentionally, which entitles plaintiff to recover additional damages under the DTPA and Texas Insurance Code so that plaintiff seeks to have his total actual damages trebled. Plaintiff also seeks pre-judgment and post-judgment interest; court costs and attorney fees.

## II.
## VENUE AND JURISDICTION

6.     Suit is proper in Jefferson County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property is situated in Beaumont, Jefferson County, Texas. Tex. Civ. Prac. & Rem. Code §15.032. In addition, the Court has jurisdiction over Defendant, which is a corporation engaged in

the business of selling insurance within the State of Texas and Jefferson County, and this cause of action arises out of Defendant's business activities in Jefferson County, Texas.

7.     This action arises under the laws of the State of Texas, both statutory and common. This Court has jurisdiction of this case pursuant to the laws of the State of Texas, and the matter in controversy is within the jurisdictional limits of this Court.

## III.
## PARTIES

8.     Plaintiff is a resident of Beaumont, Jefferson County, Texas.

9.     Defendant, Bridgepoint Insurance Solutions, LLC, is an insurance agency licensed to do business in the State of Texas for the purpose of soliciting insurance policies on behalf of an insurance company; transmitting an application or policy to or from an insurance company; receiving or delivering a policy on behalf of an insurance company; examining or inspecting any risk; receiving, collecting or transmitting an insurance premium and/or adjusting a loss on behalf of an insurance company. Service of process may be effectuated on this defendant by serving its registered agent, Douglas Kaplan, 760 North Watters Road, Suite 170, Allen, Texas 75013. **Service is requested.**

## IV.
## STATUTORY AUTHORITY

10.     This suit is brought, in part, under the authority of the Texas Business & Commerce Code § 17.41, et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act and cited in this Petition as the "DTPA", and under the authority of Texas Insurance Code § 541.061, cited in this petition as the Texas Insurance Code.

## V.
## ALLEGATIONS AND INJURIES

11. This lawsuit arises out of defendant's failure to procure insurance policies that provided flood coverage for plaintiff's home and property located at 13645 Thousand Oaks Drive in Beaumont, Texas.

12. Plaintiff requested coverage from defendant to cover the property in question for any loss directly or indirectly caused by, resulting from or contributed to by flooding damages.

13. On or about September 19, 2019, Tropical Storm Imelda struck the Southeast Texas area causing extensive and widespread damage to Jefferson County, Texas, including but not limited to plaintiff's property/home.

14. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made; including a representation from defendant that sufficient flood coverage had been placed on plaintiff's home and property by defendant. However, following Tropical Storm Imelda, plaintiff made a claim for damages to the property in question under his insurance policies but defendant failed to obtain or secure sufficient flood coverage on plaintiff's home and property. It was not until after plaintiff made a claim for damages that plaintiff learned there was no flood coverage on both his primary dwelling and secondary structures and the contents of all structures.

15. As a result of defendant's action and inactions, plaintiff was not covered for the flood damage to his property and did not have the financial means to rebuild/repair the property. The failure of defendant to procure sufficient insurance coverage has compounded plaintiff's damages exponentially.

16.     The conduct described above has been and is a producing and proximate cause of damages to the plaintiff and property in question.

17.     Plaintiff further states that, as a result of such negligence and misrepresentation of the defendant, plaintiff seeks damages in a sum to be determined at the time of trial, plus all costs of court, both pre and post judgment interest and attorney's fees reasonable in relation to the amount of work expended on plaintiff's behalf.

## VI.
## NEGLIGENCE

18.     On the occasion in question, defendant was guilty of certain acts, wrongs and/or commissions, individually and collectively constituting negligence, which was a proximate cause of damages to plaintiff. Defendant owed a legal duty to plaintiff. Defendant breached its duty to plaintiff. Defendant's breaches of duty included:

   a.     failing to secure/obtain flood coverage for plaintiff's property even though it was requested to do the same;

   b.     failing to notify plaintiff that it did not place/obtain flood coverage for his home;

   c.     allowing plaintiff to be told that he had flood coverage when actually he did not;

   d.     failing to act as reasonably prudent agent should act in the same or similar circumstances; and

   e.     failing to comply with the requirements of the Texas Insurance Code.

Defendant's breach of duties to plaintiff caused injury to him, which resulted in damages identified in this petition.

## VII.
## NEGLIGENT MISREPRESENTATION

19.     Defendant represented to plaintiff in the course of defendant's business that plaintiff had flood insurance coverage, the information supplied by defendant for the guidance of plaintiff in the transaction was false because the flood coverage was not obtained, defendant failed to exercise reasonable care or competence in obtaining or communicating such information, plaintiff justifiably relied upon the representation, and plaintiff suffered injuries and damages which were proximately caused by defendant's misrepresentation.

20.     Plaintiff therefore asserts a cause of action for negligent misrepresentation.

## VIII.
## DTPA LIABILITY

21.     Plaintiff is a consumer under § 17.45(4) of the DTPA and defendant can be sued under § 17.49 of the DTPA. Defendant has individually and/or collectively committed one or more of the following wrongful acts:

   a.     a false, misleading, or deceptive act or practice that is specifically enumerated in the itemized violation in § 17.46(b) of the DTPA and that was relied upon by plaintiff (specifically misrepresenting the characteristics, uses, benefits, standards, or quality of defendant's products or services) in violation of Section 17.46(b) (1), (2), (5), (7), (22) and (24);

   b.     a breach of an express or implied warranty;

   c.     an unconscionable action or course of action; and

   d.     the use or employment of an act or practice in violation of Chapter 541 of the Texas Insurance Code.

These wrongful acts were a producing cause of damages to plaintiff.

22. Plaintiff therefore sues defendant under the DTPA.

## IX.
## TEXAS INSURANCE CODE

23. Plaintiff and defendant are "persons" under § 541.002(2) of the Texas Insurance Code, defendant has engaged in an act or practice that violates either Chapter 541, subchapter B, of the Texas Insurance Code, or § 17.46(b) of the DTPA or both and plaintiff has relied upon the act or practice to his detriment, and defendant's act or practice was a producing cause of actual damages.

24. Plaintiff therefore asserts a course of action against defendant for deceptive insurance practices under Chapter 541 of the Texas Insurance Code and § 17.46(b) of the DTPA, specifically alleging a violation of § 541.061 of the Texas Insurance Code by one or more of the following types of representations:

  a. making an untrue statement of fact;

  b. leaving out a material fact, so that other statements are rendered misleading; or

  c. making a statement in a way that would lead a reasonably prudent person to make a false conclusion.

## IX.
## BREACH OF CONTRACT

25. Plaintiff entered into a contract with Defendant to procure flood coverage. Defendant breached the above-described contract by failing to provide the subject services. As a result of Defendant's breach of contract, Plaintiff sustained financial harm

and lost the benefits expected to be received from the contract if Defendant had performed as promised.

## X.
## ACTUAL DAMAGES

26.    The conduct described in the preceding paragraphs was a producing and proximate cause of damage to plaintiff. The amount of plaintiff's damages exceeds the minimum jurisdictional limits of the Court.

27.    The actual damages incurred by plaintiff includes the difference between his flood insurance recovery received and the recovery he would have received if adequately insured, the mental anguish caused by his underinsured situation, the loss of use of his property because of the inability to adequately and timely repair due to the underinsurance, lost time, attorney's fees, and costs of court

28.    Defendant acted knowingly and/or intentionally, which entitles plaintiff to recover additional damages under the DTPA and Texas Insurance Code so that plaintiff seeks to have his total actual damages trebled.

## XI.
## ATTORNEY'S FEES

29.    Plaintiff seeks all reasonable and necessary attorney's fees in this case, which include the following:

    a.    preparation and trial of this lawsuit;

    b.    post-trial, pre-appeal legal services;

    c.    an appeal to the Court of Appeals;

    d.    making or responding to an application for writ of error to the Supreme
          Court of Texas;

e.   an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and/or

f.   post-judgment discovery and collection in the event execution and judgment is necessary.

30.   Plaintiff has put defendant on notice of the attorney's fees pursuant to Chapter 38 of the Civil Practice and Remedies Code.

## XII.
## CONDITIONS PRECEDENT

31.   All conditions precedent to recovery have been performed or met regarding this claim.   Due to the daily increase of damages to Plaintiff's property/home and Plaintiff's lack of financial means to rebuild/repair the property in question, it is detrimental and unnecessary for Plaintiff to wait sixty (60) days for Defendant to respond to his Notice of Claim.

## XIII.
## ALTERNATIVE PLEADINGS

32.   All pleadings are in the alternative.

## XIV.
## INCORPORATION OF ALLEGATIONS

33.   All allegations made herein are incorporated into every other titled allegation.

## XV.
## INTEREST

34.   Plaintiff also asserts a claim for both post and prejudgment interest accruing from the earlier time of one hundred eighty (180) days after the incident date or on the date suit was filed.

## XVI.
## PRAYER

35.     WHEREFORE, PREMISES CONSIDERED, plaintiff prays that defendant be cited to appear and answer herein as the law directs, and that upon final hearing, plaintiff have and recover judgment of and from defendant, jointly and severally,

    a.      Actual Damages;

    b.      Additional Damages.

    c.      Pre-judgment and post-judgment interest.

    d.      Court Costs.

    e.      Attorney fees.

    f.      All other relief, at law and in equity, to which plaintiff may be justly entitled.

Respectfully submitted,
RENICK LAW FIRM, P.L.L.C.

Scott Renick
State Bar No. 24004885
2905 Toccoa Street
Beaumont, TX 77703
Tel:  409.895.0145
Fax:  409.895.0014
scott@renickfirm.com

ATTORNEY FOR PLAINTIFF,
TIMOTHY REYNOLDS